UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYNA CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>SAN BERNARDINO POLICE DEPT., et al.,<br><br>　　　　Defendants. | Case No. EDCV 14-02172-MMM (KK)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## **INTRODUCTION**

On October 22, 2014, plaintiff Manuel Reyna Chavez, proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was the victim of excessive force committed by defendants San Bernardino Police Officers Geraldo Orozco, Mark Blackwell and Nick Martin. The complaint names all three individual defendants in both their individual and official capacities. Although there is some discrepancy between the caption and the body of the complaint, the named defendants may also include the San Bernardino Police Department which is included in the caption, but not listed as a named-defendant on

1

pages 3 or 4 of the complaint.

After careful review and consideration of the allegations of the complaint under the relevant standards, the Court finds the complaint subject to dismissal for various deficiencies. However, dismissal will be with leave to amend.

## II.
## LEGAL STANDARDS

The Prison Litigation Reform Act obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, because Plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## III.
## DISCUSSION

### A. The Complaint Does Not Unambiguously Identify the Defendants

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, it is unclear whether Plaintiff is suing the San Bernardino Police Department, along with the three individual officers. While the three individual officers are named in both the caption and body of the complaint, the San Bernardino Police Department is only named in the caption. The court is therefore unable to determine whether Plaintiff intended to name the San Bernardino Police Department as a defendant. If Plaintiff decides to include any or all of these defendants in an amended complaint, he must clarify exactly who the defendants are -- at a minimum, the caption and body of the complaint must agree. Moreover, as discussed below in Section III B, any claim against the San Bernardino Police Department must be brought against the City of San Bernardino as the real party in interest.

### B. The Complaint Fails to State a Claim Against the Entity Defendant or Against Any Defendant in His Official Capacity

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v.*

*Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. at 166.  Moreover, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

　　　　Here, the complaint names each of the three individual defendants, all of whom are alleged to be San Bernardino Police officers, in their official capacities.  All three individual defendants are, thus, apparently employed by the San Bernardino Police Department.  Accordingly, for purposes of Plaintiff's federal civil rights claims here, the entity that would be the real party in interest in any official-capacity suit against the named individual defendants is ultimately the City of San Bernardino.  Likewise, assuming Plaintiff intended to name the San Bernardino Police Department, the City of San Bernardino would, once again, ultimately be the real party in interest.

　　　　As discussed above, the City of San Bernardino may not be held liable for the alleged actions of, for example, San Bernardino Police officers, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *See Monell*, 436

U.S. at 690-91; *accord Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443-44 (9th Cir. 1991). Plaintiff has not identified any policy statements or regulations of City of San Bernardino, or any officially adopted or promulgated decisions, the execution of which by these entities' agents or employees allegedly inflicted the injuries about which she is complaining. Moreover, Plaintiff has failed to allege any facts that would cause the court to "draw the reasonable inference" that any of these entities has a governmental custom of imposing illegal sentences, assaulting inmates, or denying inmates medical treatment.

Accordingly, Plaintiff's claims against (1) the three individual defendants in their official capacities; and (2) the entity defendant, San Bernardino Police Department, must be dismissed. If Plaintiff wishes to proceed against City of San Bernardino, he must **(1) specify what the County's unconstitutional policy or custom is, (2) allege facts supporting the existence of that policy or custom, and (3) explain how that policy or custom was the "moving force" behind his injury.**

## IV.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the complaint is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1) Within 30 days of the date of this order, or by **November 28, 2014**, Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which plaintiff is encouraged to

utilize.

2) If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The First Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. *Id.* Because the court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

**Plaintiff is cautioned that his failure to timely comply with this Order may result in a recommendation that this action be dismissed**.

DATED: October 29, 2014

HON. KENLY KIYA KATO
United States Magistrate Judge