UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYNA CHAVEZ, | Case No. EDCV 14-02172-MMM (KK) |
| Plaintiff, | |
| v. | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| GERALDO OROZCO, et al., | |
| Defendants. | |

**I.**

**INTRODUCTION**

On October 28, 2014, Manuel Reyna Chavez ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint in this Court pursuant to 42 U.S.C. § 1983. ECF Docket No. ("dkt.") 3. In the Complaint, plaintiff alleged he was beaten by San Bernardino City Police Officers Geraldo Orozco, Mark Blackwell and Nick Martin, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Compl. at 5. The Complaint sued Orozco, Blackwell, and Martin in their individual and official capacities and also appeared

1

to sue the San Bernardino City Police Department.[1]  Id. at 1, 3.  On October 29, 2014, the Court issued an Order Dismissing the Complaint with Leave to Amend, finding plaintiff had failed to state viable official capacity claims against the three individual defendants and any claim against the San Bernardino City Police Department.  Dkt. 5.  The Court reasoned the Complaint had not alleged any of the defendants acted pursuant to an unconstitutional policy or custom, as required for stating such claims.  Id. at 5.

On December 11, 2014, plaintiff filed a First Amended Complaint ("FAC") asserting the same central Eighth Amendment claim.  Dkt. 8.  The FAC names six defendants: (1) Geraldo Orozco; (2) Mark Blackwell; (3) Nick Martin; (4) the City of San Bernardino; (5) the San Bernardino City Police Department; and (6) the unnamed Police Chief of the San Bernardino City Police Department ("Police Chief").  Id. at 3-4.  The FAC sues defendants Orozco, Blackwell, Martin, and Police Chief in both their individual and official capacities.  Id.

After careful review and consideration, the Court finds the FAC subject to dismissal for primarily the same deficiencies identified in the original Complaint.[2]  However, dismissal will be with leave to amend.

## II.

## LEGAL STANDARDS

The Prison Litigation Reform Act of 1996 obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners

---

[1]  Plaintiff named the San Bernardino City Police Department as a defendant in the caption of the original Complaint, but not in the body of the Complaint.

[2]  It appears the only deficiency plaintiff corrected in the FAC was the inconsistency between the defendants named in the caption and those named in the body of the original Complaint.

seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, because Plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

///
///
///
///

3

# III.

# DISCUSSION

**A.  The Complaint Fails to State a Claim Against the Entity Defendants or Against the Individual Defendants in Their Official Capacities**

In order to state a claim for a civil rights violation under 42 U.S.C. section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute.  42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  However, a local government cannot be held liable under Section 1983 on a *respondeat superior* theory, that is, solely because it employs a tortfeasor.  *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Local government entities, such as defendants City of San Bernardino and San Bernardino City Police Department, may be held liable only if the alleged wrongdoing was committed pursuant to a government policy, custom or usage.  *See Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 402-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); *Monell*, 436 U.S. at 691; *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002) (describing "two routes" to municipal liability: (1) where municipality's official policy, regulation, or decision violated plaintiff's rights, or (2) alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights).  Under certain circumstances, a single act, when carried out by a municipal "policymaker," may also give rise to *Monell* liability, even in the absence of a municipal policy or custom.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) ("[Section 1983] municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.").

Municipal liability may also arise when an unwritten custom becomes "so 'persistent and widespread' that it constitutes a 'permanent and well settled [municipal] policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691); *see Thomas v. Baca*, 514 F. Supp. 2d 1201, 1212 (C.D. Cal. 2007) ("A custom is a 'longstanding practice . . . which constitutes the standard operating procedure of the local government entity.'") (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1151 (9th Cir. 2005)). "Isolated or sporadic incidents" are insufficient to establish an improper municipal custom. *Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") (internal citations omitted).

Suits against governmental officers in their official capacities are subject to the same requirements as *Monell* claims against local government entities. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity of which an officer is an agent.") (internal citation omitted). Indeed, despite naming individual governmental officials, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Monell*, 436 U.S. at 691). Hence, as with claims against local governments under *Monell*, to impose liability against officials acting in their official capacity, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 166 (internal citations omitted).

Here, the FAC has failed to correct the deficiencies identified by the Court in its previous Order. Plaintiff has again failed to show the alleged misconduct by defendants Orozco, Blackwell, and Martin was committed pursuant to any official

5

government policy or custom.  Plaintiff has also failed to specify how the newly-added defendant Police Chief acted pursuant to any unconstitutional policy or custom.

Moreover, the FAC does not allege that either the City of San Bernardino or the San Bernardino City Police Department—the entities employing each of the four individual defendants—maintained a policy or custom that caused the constitutional violation by defendants Orozco, Blackwell and Martin.  Rather, the alleged misconduct plaintiff complains of was committed by individual officers *not* acting pursuant to any identifiable governmental policy or custom.  Furthermore, plaintiff does not allege that any of the individual defendants was a municipal "policymaker," such that a single act by such officials would give rise to *Monell* liability.³  Because of the lack of an identifiable policy or custom involved in the constitutional violation plaintiff complains of, plaintiff fails to state a claim under *Monell* against both the two entity defendants and the four individual defendants in their official capacities.

Accordingly, plaintiff's claims against (1) the four individual defendants in their official capacities; and (2) the entity defendants, City of San Bernardino and the San Bernardino City Police Department, must be dismissed.  If Plaintiff wishes to proceed against any of these defendants, he must **(1) specify what the City or the Department's unconstitutional policy or custom is, (2) allege facts**

---

³  Admittedly, defendant Police Chief presumably functions as a policymaker in the San Bernardino City Police Department.  However, plaintiff has not identified any action by the Police Chief that contributed to the constitutional violation complained of here.  *See Pembaur*, 475 U.S. at 483-84; *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (requiring that there be "a showing of personal participation in the alleged rights deprivation" to impose liability under 42 U.S.C. § 1983).  Hence, defendant Police Chief's status in the San Bernardino City Police Department *alone* does not give rise to *Monell* liability.

**supporting the existence of that policy or custom, and (3) explain how that policy or custom was the "moving force" behind his injury.**

**B.     The Complaint Fails to State a Claim Against Defendant Police Chief in His Individual Capacity**

In order to state a claim for a civil rights violation under 42 U.S.C. section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Suits against government officials under Section 1983 in their individual capacities "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In short, "there must be a showing of personal participation in the alleged rights deprivation . . . ." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (internal citation omitted). *See also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Here, the FAC sues defendant Police Chief in his individual capacity. FAC at 3. However, the FAC does not allege facts showing defendant Police Chief was personally involved in plaintiff's beating by defendants Orozco, Blackwell and Martin. Rather, the FAC only makes conclusory allegations that defendant Police Chief is responsible for the actions of all of the officers in the San Bernardino City Police Department. Id. Because such allegations do not describe how defendant

Police Chief was personally involved in plaintiff's beating, the FAC does not state a viable individual capacity claim against defendant Police Chief.

## IV.
## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1) Within 30 days of the date of this order, or by **January 16, 2015**, Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which plaintiff is encouraged to utilize.

2) If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The Second Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. *Id.* Because the court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the Second Amended

Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

Because any Second Amended Complaint will be plaintiff's **second** opportunity to amend his complaint to rectify pleading deficiencies, the Court advises plaintiff that it will not be disposed toward another dismissal without prejudice and with leave to amend. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *Ismail v. County of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); *see also Zavala v. Bartnik*, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

**Plaintiff is admonished he has failed to remedy the deficiencies identified by the Court in its Order dismissing his original Complaint. If plaintiff again fails to comply with the Court's instructions, the Court may recommend this action be dismissed**.

DATED: December 18, 2014

_____
HON. KENLY KIYA KATO
United States Magistrate Judge