O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYNA CHAVEZ, | Case No. EDCV 14-02172-MMM (KK) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER REVOKING IN FORMA PAUPERIS STATUS |
| GERALDO OROZCO, et al., | |
| Defendants. | |

This is a closed *pro per* civil rights action filed by Plaintiff Manuel Reyna Chavez ("Plaintiff"). On October 1, 2015, Plaintiff filed a Notice of Appeal with the Ninth Circuit appealing this Court's September 5, 2015 Judgment dismissing his action without prejudice for failure to prosecute and failure to comply with court orders. ECF Docket No. ("Dkt.") 28. On October 6, 2015, the Ninth Circuit issued a Referral Notice referring the matter to this Court for the limited purpose of determining whether *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. Dkt. 30. For the reasons set forth below, the Court finds the appeal to be frivolous or taken in bad faith, and thus, revokes Plaintiff's *in forma pauperis* status. 28 U.S.C. § 1915(a)(3).

## I.

## **BACKGROUND**

On October 28, 2014, Plaintiff filed a *pro se* civil rights complaint ("Complaint"), pursuant to 42 U.S.C. § 1983. Dkt. 3. In the Complaint, Plaintiff alleged defendants Geraldo Orozco, Mark Blackwell, and Nick Martin violated his Eighth Amendment rights by beating him. Id. at 5. The Complaint sued defendants Orozco, Blackwell, and Martin in their individual and official capacities, and appeared to sue the San Bernardino City Police Department. Id. at 1, 3.

On October 29, 2014, the Court issued an Order Dismissing the Complaint with Leave to Amend, finding Plaintiff failed to state viable official capacity claims against the three individual defendants and any claim against the San Bernardino City Police Department. Dkt. 5. The Court reasoned the Complaint had not alleged any of the defendants acted pursuant to an unconstitutional policy or custom, as required for stating such claims. Id. at 5.

On December 11, 2014, Plaintiff filed a First Amended Complaint asserting the same Eighth Amendment claim as in the Complaint. Dkt. 8. The First Amended Complaint named six defendants: (1) Geraldo Orozco; (2) Mark Blackwell; (3) Nick Martin; (4) the City of San Bernardino; (5) the San Bernardino City Police Department; and (6) an unnamed Police Chief of the San Bernardino City Police Department ("Police Chief"). Id. at 3-4. The First Amended Complaint sued defendants Orozco, Blackwell, Martin, and Police Chief in their individual and official capacities. Id.

On December 18, 2014, the Court issued an Order Dismissing First Amended Complaint with Leave to Amend. Dkt. 9. The Court found the First Amended Complaint failed to state official capacity claims against the individual defendants, and municipal liability claims against defendants the City of San Bernardino and the San Bernardino City Police Department. Id. at 4-7. The Court also found Plaintiff failed to state an individual capacity claim against defendant Police Chief. Id. at 7-8.

On April 6, 2015, Plaintiff filed a Second Amended Complaint ("SAC"), again

asserting the same Eighth Amendment claim as in the Complaint. Dkt. 21. The SAC named three defendants: (1) Geraldo Orozco; (2) Mark Blackwell; and (3) Nick Martin. Id. at 2. As in his prior complaints, Plaintiff sued all three defendants in their individual and official capacities. Id.

On April 8, 2015, the Court dismissed the SAC with leave to amend. Dkt. 22. The Court found the SAC failed to state official capacity claims against all three named defendants. Id. at 4-6. The Court granted Plaintiff until April 22, 2015 to file a Third Amended Complaint remedying these pleading deficiencies. Id. at 6-7. The Court expressly warned Plaintiff that failure to file a Third Amended Complaint in accordance with the Court's instructions would result in a recommendation that the action be dismissed. Id. at 8. However, Plaintiff failed to timely file a Third Amended Complaint and failed to request an extension of time in which to do so.

Thus, on May 7, 2015, the Court issued a Report and Recommendation that Plaintiff's action be dismissed for failure to prosecute and failure to comply with Court orders. Dkt. 25. The Court granted Plaintiff until June 8, 2015 to file objections to the Court's Report and Recommendation. Id. Plaintiff failed to file objections to the Report and Recommendation. Hence, on September 5, 2015, judgment was entered dismissing the action without prejudice. Dkt. 27.

On October 1, 2015, Plaintiff filed a Notice of Appeal. Dkt. 28. On October 6, 2015, the Ninth Circuit issued an order referring Plaintiff's appeal to this Court for the limited purpose of determining whether *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. Dkt. 30.

## II.

## DISCUSSION

"While the right to appeal from a final order of the District Court is absolute, permission to appeal *in forma pauperis* is a privilege founded upon statute and subject to the provisions thereof." Barkeij v. Ford Motor Co., 230 F.2d 729, 731 (9th Cir. 1956) (per curiam) (footnote omitted). Under 28 U.S.C. § 1915(a), "[a]n appeal may not be

3

1  taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good
2  faith." Hence, a district court may revoke *in forma pauperis* status if it finds an appeal to
3  be frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); see also Hooker v. American
4  Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *forma pauperis* status is
5  appropriate where district court finds the appeal to be frivolous or taken in bad faith).  A
6  court may find an appeal is frivolous or taken in bad faith where the plaintiff makes "no
7  effort to comply" with court orders.  Barkeij, 230 F.2d at 731-32.

8        Here, Plaintiff's appeal is frivolous or taken in bad faith.  Id.  Plaintiff filed three
9  complaints which failed to state a claim.  Dkt. 3, 8, 21.  Plaintiff received three dismissal
10 orders, offering him three opportunities to correct specific deficiencies the Court
11 identified in each of the prior dismissal orders.  Dkt. 5, 9, 22.  Despite these
12 opportunities, Plaintiff failed to file a Third Amended Complaint.

13       As a result of Plaintiff's failure to respond to the Court's order that he file a Third
14 Amended Complaint if he wished to pursue this action, the Court issued a Report and
15 Recommendation that Plaintiff's action be dismissed without prejudice for failure to
16 prosecute and comply with court orders.  Dkt. 25.  Despite having the opportunity to
17 object to the Court's recommendation, Plaintiff again failed respond.  Dkt. 25.  Plaintiff,
18 thus, made "no effort to comply" with the Court's orders or otherwise litigate his case.
19 Barkeij, 230 F.2d at 731-32.  Accordingly, the Court finds Plaintiff's appeal to be
20 frivolous or taken in bad faith and, thus, revokes Plaintiff's *in forma pauperis* status.  Id.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## III.

## **ORDER**

IT IS THEREFORE ORDERED that Plaintiff *in forma pauperis* status is revoked.

DATED: October 8, 2015

_____
HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

5